

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/29/2012

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 09-36637 |
| ROBERT S BENNETT; aka BENNETT § | CHAPTER 7 |
| § | |
| Debtor(s). § | JUDGE ISGUR |
| § | |
| § | |
| KELLY COGHLAN, *et al* § | |
| § | |
| Plaintiff(s), § | |
| § | |
| vs. § | ADVERSARY NO. 09-3514 |
| § | |
| ROBERT S BENNETT § | |
| § | |
| Defendant(s). § | |

## MEMORANDUM OPINION

The Court dismissed this adversary proceeding without prejudice on January 1, 2011. ECF No. 74. Kelly Coghlan and Coghlan & Associates (collectively, "Coghlan") filed a motion in Robert Bennett's main bankruptcy case to vacate the dismissal. No. 09-36637, ECF No. 257. The Court denies Coghlan's motion to vacate.

### Background

In 1995, Coghlan and Bennett, both attorneys, worked together on a class action lawsuit. Adv. No. 09-3514, ECF No. 1, at 3-4; ECF No. 5, at 2. In 1998, Coghlan sued Bennett for fraud and breach of fiduciary duty, alleging that Bennett fraudulently failed to share legal fees in connection with the class action. Adv. No. 09-3514, ECF No. 1, at 3-4. In 2001, Coghlan obtained a judgment against Bennett for $86,625.00, plus costs and interest. Adv. No. 09-3514, ECF No. 1, at 4; ECF No. 5, at 2.

Coghlan filed a turnover lawsuit against Bennett on September 28, 2001, seeking to collect on the 2001 judgment. ECF No. 204-3, at 12; Adv. No. 09-3514, ECF No. 1, at 5; ECF No. 5, at 3. The turnover lawsuit is still pending in state court.

During the pendency of the turnover lawsuit, Bennett has filed two separate bankruptcy cases. Bennett's first case, No. 08-35285, was dismissed on September 1, 2009. Bennett filed the current bankruptcy case, No. 09-36637, on September 3, 2009.

On December 30, 2009, Coghlan and other plaintiffs filed Adversary No. 09-3514, seeking a denial of discharge under § 727(a)(5) and an exception to discharge under § 523(a)(2) and/or § 523(a)(4) of the Bankruptcy Code. Adv. No. 09-3514, ECF No. 1.

The § 727(a)(5) claim was tried on October 4, 2010. Kelly Coghlan testified at the trial that the Plaintiffs' claims had already been conditionally paid into the state court registry. The Court stated at the close of the trial that if the state court payment was made prior to the issuance of a judgment on the § 727(a)(5) claim, the Plaintiffs would lose standing. The Court did not receive notice that the payment had been made before it ruled on the merits of the § 727(a)(5) claim. On October 28, 2010, the Court issued an order overruling the Plaintiffs' § 727(a)(5) claim, concluding that the Plaintiffs had failed to offer evidence to carry their initial burden. ECF No. 48, at 4.

The Plaintiffs filed status reports on November 24, 2010 and December 1, 2010. ECF Nos. 56 & 60. The December 1, 2010 status report stated that the Plaintiffs' claims had been paid and that the Plaintiffs were withdrawing their claims. ECF No. 60.

On December 6, 2010, Bennett and the Plaintiffs filed a joint motion to dismiss the adversary proceeding, stating that the Plaintiffs' claims had been paid. ECF No. 63. The Plaintiffs withdrew their consent to the joint motion on December 7, 2010, stating that they could not agree to a "with prejudice" dismissal because there was a possibility of Bennett's appealing the state court's payment order. ECF No. 64. On December 8, 2010, the Plaintiffs filed a motion to dismiss the adversary proceeding. ECF Nos. 65 & 66. The Plaintiffs stated that they had each received full payment of

their claims against Bennett on or about December 2, 2010, and they moved that the adversary be dismissed without prejudice. ECF No. 66. The Court dismissed the adversary proceeding without prejudice on January 10, 2011. ECF No. 74.

Bennett was granted a discharge in the main bankruptcy case on July 20, 2011. ECF No. 189. On July 26, 2011, Bennett, Nguyen & Associates PLLC ("BNA")—an entity that Coghlan alleges is controlled by Bennett—filed a petition in intervention in the turnover action, seeking disgorgement of the funds that had been paid to the Plaintiffs. ECF No. 246-1.

On January 17, 2012, Coghlan filed a motion for leave to refile its § 523 claim against Bennett. ECF No. 246. The Court issued a show cause order requiring Bennett to file a pleading demonstrating (i) whether he defrauded the Court in obtaining the dismissal of Adversary No. 09-3514; and (ii) why the order dismissing Adversary No. 09-3514 should not be vacated. ECF No. 247.

Bennett filed a response to the order on February 13, 2012. ECF No. 251. Coghlan replied to Bennett's response on February 22, 2012. ECF No. 252. Coghlan also filed exhibits. ECF Nos. 253 & 254. Coghlan filed an amended reply on February 23, 2012. ECF No. 255.

On March 19, 2012, the Court denied Coghlan's motion to refile the § 523 claim, stating that the time allowed under Fed. R. Bankr. P. 4007(c) for filing a complaint under § 523(c), as previously extended, had passed. ECF No. 256.

Coghlan filed a motion to vacate the dismissal of Adversary No. 09-3514 on March 21, 2012. ECF No. 257. Coghlan also filed a supplement to the motion on March 21, 2012, ECF No. 258, and an additional supplement on March 28, 2012, ECF No. 260. Bennett filed his first amended response to the Court's show cause order on April 24, 2012. ECF No. 261.

### Coghlan's Allegations

Coghlan alleges that Bennett intentionally paid off Coghlan's claims, received a discharge, and then sought disgorgement under a different name. Bennett allowed the state court to pay off the

judgments to Coghlan, Pullman, and Beaudry on November 30, 2010, which legally required Coghlan, Pullman, and Beaudry to withdraw their proofs of claim. Coghlan was also legally required to dismiss his § 523 adversary proceeding because his claim was moot. Bennett then filed a lawsuit under the name of BNA, his wholly controlled entity, seeking disgorgement of the fees paid to Coghlan, Pullman, and Beaudry.

## Analysis

Coghlan argues that Bennett engaged in "fraud, misrepresentations and misconduct," grounds for relief from a judgment under Rule 60(b)(3). ECF No. 257, at 3. Coghlan also argues that Bennett's actions became "newly discovered evidence that, with reasonable diligence, could not have been discovered" prior to Bennett's discharge. ECF No. 257, at 3. Newly discovered evidence is grounds for relief under Rule 60(b)(2).

Motions to vacate under Rule 60(b)(3) or 60(b)(2) must be filed no more than a year after the entry of the judgment or order on the date of the proceeding. Fed. R. Civ. P. 60(c). The Court's order dismissing the adversary proceeding with prejudice was issued on January 10, 2011. Coghlan did not seek permission to refile the adversary proceeding until January 17, 2012, and the motion to vacate was filed on March 21, 2012. Even if the motion for permission to refile is construed as a motion to vacate, Coghlan did not file within the one-year time period allowed under Rule 60(c). Bennett's alleged "fraud, misrepresentations and misconduct" with respect to Coghlan and the allegedly "newly discovered evidence" therefore do not constitute grounds for vacating the judgment.

However, Rule 60(d) states that "[t]his rule does not limit a court's power to . . . (3) set aside a judgment for fraud on the court." The one-year time limit under Rule 60(c) is therefore inapplicable to a motion to vacate for fraud on the court.

Fraud on the court involves particularly serious misconduct "which does or attempts to subvert the integrity of the court itself, or is a fraud perpetuated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases[.]"

*Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007). "The very first test for fraud on the court under Rule 60 is whether the action in question prevented a party from fully and fairly litigating its case." *Smith v. Waterman Steamship Co.*, 31 F. App'x 832, 2002 WL 180331, at *2 (5th Cir. 2002) (internal quotation marks omitted). If the first test is met, "to establish fraud on the court, it is necessary to show an unconscionable plan or scheme designed to influence the court improperly in its discretion." *All Freight Sys. v. James*, 115 F. App'x 182, 187 (5th Cir. 2004). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)). "Less serious conduct, such as non-disclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. *All Freight Sys.*, 115 F. App'x at 187.

In addition to showing that Bennett subverted the integrity of the court, Coghlan must show that the alleged fraud could not have been discovered within the one-year time period under Rule 60(b). "Fraud upon the court requires that there was a material subversion of the legal process such as could not have been exposed within the one-year window[.]" *Jackson*, 348 F. App'x at 35 (quoting *Apotex Corp.*, 507 F.3d at 1360). Even if the fraud could not have been discovered within the one-year window, the issue "must be raised within a reasonable time of discovery of the fraud." *Apotex Corp.*, 507 F.3d at 1361.

Coghlan cannot show the alleged fraud could not have been uncovered in time to file a Rule 60(b)(2) or (b)(3) motion to vacate. BNA filed the petition in intervention on July 26, 2011. Coghlan did not file the motion for leave to refile the § 523 claim until January 17, 2012, nearly six months later. By the time BNA filed the petition in intervention, Bennett's alleged fraud was, or should have been, clear to Coghlan. BNA's filing of the petition only six days after Bennett received his discharge—the primary evidence for the alleged fraud on the court—occurred in plain view

several months before the deadline for filing a motion to vacate under Rule 60(b)(2) and/or 60(b)(3). As Coghlan notes, "Until Mr. Bennett filed his post-discharge lawsuit of disgorgement against Coghlan, Pullman and Beaudry, Mr. Bennett's fraud, misrepresentations and misconduct could not have been known by the Court or creditors." ECF No. 257. As Coghlan's own statement makes clear, once BNA filed the petition in intervention on July 26, 2011, the fraud could have been known to Coghlan. Coghlan does not provide any reason why a timely motion to vacate could not have been filed.

However, the Court has the inherent power to vacate judgments that are based on fraud. *See Thomas v. United States (In re Thomas)*, 223 F. App'x 310, 313 (5th Cir. 2007) ("Bankruptcy Courts are courts of equity, and a court of equity is enabled to frustrate fraud and work complete justice.") (citations and internal quotation marks omitted). Although parties seeking to have a judgment vacated must file a motion to vacate within a reasonable period of time after discovering the fraud, the Court may *sua sponte* vacate a judgment for fraud on the court at any time. *Cf. id.* (allowing a bankruptcy court to *sua sponte* vacate a chapter 13 plan 761 days after the confirmation order was entered, despite provision in the Bankruptcy Code that a confirmed chapter 13 plan can be revoked only if a party in interest makes a request within 180 days).

The Court therefore considers whether Bennett's conduct rises to the level of fraud on the court. Bennett caused the Court to be involved in the alleged fraud in the following respects:

- At the October 4, 2010 trial of the Plaintiffs' § 727 claim against Bennett, the Court noted that if the funds had already been paid to the Plaintiffs, then the Court would find that the Plaintiffs no longer had standing to pursue the § 727 claim.

- On November 24, 2010, after the Court granted judgment in favor of Bennett on the merits of the Plaintiffs' § 727 claim, the Plaintiffs filed a status report stating that funds had been deposited in a receiver's account and that there were hearings scheduled before the state court seeking disbursement of the funds.

- On December 1, 2010, the Plaintiffs filed another status report stating that the Plaintiffs had received payment of their claims and were withdrawing their claims.

- On December 6, 2010, the parties filed a joint motion to dismiss the adversary proceeding. ECF No. 63. The joint motion, which was signed by counsel for Bennett and counsel for Plaintiffs, stated that all parties had received full payment of their claims. The Plaintiffs withdrew the joint motion and filed a separate motion to dismiss, ECF No. 65, and an amended motion to dismiss, ECF No. 66, on December 8, 2010. Like the joint motion, the Plaintiffs' motions to dismiss stated that the Plaintiffs had each received full payment for the claims.

- On January 10, 2011, the Court granted the Plaintiff's motion to dismiss the adversary proceeding without prejudice.

Most of the representations to the Court that the claims had been paid were made by Coghlan. However, Bennett directly represented in the joint motion that all parties had received full payment of their claims. The joint motion nowhere disclosed that Bennett could or would use another entity to attempt to disgorge the funds. Bennett's nondisclosure prevented Coghlan from "fully and fairly litigating" the § 523 claim, because the nondisclosure induced the Court to grant the motion to dismiss. Because of Bennett's representations to both the Court and Coghlan, the exception to discharge action was never tried on the merits. Bennett's actions therefore meet the first test for establishing fraud on the Court.

The Court concludes that Bennett's actions were, if intentional, sufficiently egregious to constitute fraud on the court.

The timing of BNA's filing the disgorgement claim against the Plaintiffs—within days of Bennett's receiving his discharge—indicates that Bennett may have operated pursuant to an "unconscionable plan or scheme." If Bennett intentionally represented to the Court that the Plaintiffs' claims had been paid in full while planning to seek disgorgement of the payments after discharge, he materially subverted the legal process.

Under Fed. R. Bankr. P. 7041, which incorporates Fed. R. Civ. P. 41, a Court may dismiss an adversary proceeding at the plaintiff's request "only by court order, on terms that the court considers proper."[1]  Fed. R. Civ. P. 41(a)(2).  The Court's dismissal was based on its judgment that the terms of the dismissal were proper.  The Court considered the terms to be proper because the Plaintiffs had received full payment of their claims.  Had the Court known that Bennett or an affiliated entity would later seek disgorgement of the claims, the Court would not have considered the terms of dismissal proper, and the Court would not have dismissed the adversary proceeding.  The effect of Bennett's actions was to avoid litigation on the merits of Coghlan's exception to discharge claim, obtain a discharge, and potentially recover the funds through another entity—without being obligated to repay Coghlan's now-discharged claim.

Although Bennett's actions had the objective effect of misleading the Court, the Court cannot determine without evidence whether Bennett intended to mislead the Court.  The Court will therefore hold an evidentiary hearing to determine whether Bennett intended to mislead the Court.

### Revocation of Discharge

Coghlan also moves for revocation of Bennett's discharge under 11 U.S.C. § 727(d).  ECF No. 257, at 3.  An action for revocation of discharge must be filed as an adversary proceeding.  Fed. R. Bankr. P. 7001(4).  The Court denies Coghlan's motion for revocation of Bennett's discharge without prejudice to Coghlan's ability to file an adversary proceeding.  However, the Court does not invite such an adversary proceeding.  Coghlan's § 727(a)(5) claim was litigated on the merits.  Although the Court was aware at the time of the trial that the Plaintiffs' claims were likely to be paid in full, the Court did not receive notice of the payment before it issued an order denying the objection

---

[1] Under Fed. R. Civ. P. 41(a)(1), an action may be dismissed without a court order if (i) the plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or (ii) the plaintiff files a stipulation of dismissal signed by all parties who have appeared.  Neither situation is applicable here; the Plaintiffs did not file a notice of dismissal before Bennett served an answer, and there was no stipulation of dismissal signed by all parties. Although Bennett and the Plaintiffs did file a joint motion to dismiss, the Plaintiffs withdrew the motion.

to discharge for insufficient proof.  Bennett's alleged fraud did not affect the adjudication of the § 727(a)(5) claim.

## Conclusion

The Court will issue a separate order setting an evidentiary hearing on the issue of whether Bennett intended to mislead the Court.

SIGNED **June 28, 2012.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE